Opinion issued November 6, 2003






















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00658-CR
____________
 
LARRY W. COTTEN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 1041247
 

 
 
 

MEMORANDUM OPINIONA jury found appellant, Larry W. Cotten,


 guilty of the misdemeanor offense of
driving while intoxicated, and the trial court assessed his punishment at 180 days in
jail with a $2,000 fine. The trial court suspended appellant’s sentence and placed him
on community supervision for two years. In three points of error, appellant contends
that the trial court erred in (1) admitting evidence concerning the use of radar
equipment as the basis for the traffic stop of his sports utility vehicle (SUV), (2)
denying his motion to suppress the evidence resulting from his arrest, and (3)
admitting hearsay testimony into evidence. We affirm.
Facts
          Deer Park Police Officer J. Hill testified that, on October 29, 2000, he was
parked on a shoulder of Highway 225 in Houston, Texas, “working stationary radar.” 
 At around 1:30 a.m., Hill saw appellant’s SUV overtaking other cars on the road and
approaching his position at “a high rate of speed.” Hill directed his stationary radar
at appellant’s SUV and “clocked [it]” at 92 miles per hour—27 miles per hour over the
posted speed limit. Hill immediately pursued appellant’s SUV in his patrol car. 
During the pursuit, Hill saw appellant swerve between traffic lanes “a couple” of
times, and Hill was forced to travel at speeds between 115 and 120 miles per hour to
catch up to appellant. Once Hill got close to appellant’s SUV, he activated the
overhead emergency lights on his patrol car and initiated a traffic stop.
          During Officer Hill’s initial contact with appellant, he noticed that appellant had
red, glassy eyes, slurred speech, and a recognizable odor of alcohol on his breath. 
Appellant admitted that he had consumed “a couple of drinks.” Hill then asked
appellant to step out of the SUV so that Hill could administer various field sobriety
tests on him. Hill testified that appellant failed the horizontal gaze nystagmus (HGN)
test, the walk-and-turn test, the one-leg stand test, and the Romberg test. Additionally,
appellant was unable to recite the entire alphabet. On the basis of his performance on
these tests, Hill determined that appellant was intoxicated and was “no longer in
control of his mental and physical faculties.” Hill then arrested appellant for driving
while intoxicated and transported him to the police station.
          At the station, appellant refused to take an intoxilyzer test. However, he did
agree to participate in videotaped field sobriety tests, which occurred between one and
one-half and two hours after the traffic stop. Although appellant again failed the walk-and-turn test and the one-leg stand test, he successfully recited the alphabet. Officer
Hill continued to smell alcohol on appellant’s breath while at the police station, but
this time appellant denied consuming any alcoholic beverages.
Expert Testimony
          In appellant’s first point of error, he argues that the trial court erred in admitting
Officer Hill’s testimony concerning his use of radar equipment as the basis for
stopping appellant’s SUV. Appellant asserts that Hill’s radar testimony was subject
to the rules governing the admissibility of expert testimony, and therefore, the State
was required to prove, by clear and convincing evidence, that the testimony was both
relevant and reliable.



          However, to preserve a complaint for appellate review, a party must present to
the trial court a timely request, objection or motion, stating the specific grounds for
the ruling he desires the court to make if the specific grounds are not apparent from
the context. Tex. R. App. P. 33.1(a)(1)(A). Without proper preservation, even
constitutional error may be waived. Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim.
App. 2000); Draughon v. State, 831 S.W.2d 331, 336 (Tex. Crim. App. 1992). Here,
appellant failed to timely object to Officer Hill’s radar testimony. Hill testified
without objection that “[he] clocked [appellant’s SUV] on radar at 92” miles per hour,
that he was trained in the operation and calibration of radar equipment, and that he
calibrated his radar equipment before and after he used it to detect the speed of
appellant’s SUV. Hill answered 11 questions concerning his experience with radar
equipment before appellant took Hill on voir dire and then objected to “any testimony
concerning the use of this particular unit to monitor the [appellant’s] vehicle.” Since
appellant failed to object at his earliest opportunity, he has preserved nothing for
appellate review on this point.
          We overrule appellant’s first point of error.
Motion to Suppress Evidence
          In appellant’s second point of error, he argues that the trial court erred in
denying his motion to suppress evidence “because there was no admissible evidence
to establish probable cause for the stop of appellant’s vehicle.”
          Unless there is an abuse of discretion, a trial court’s ruling on a motion to
suppress evidence will not be set aside. Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d). We will afford almost total deference to
a trial court’s determination of historical facts supported by the record, especially
when the findings are based on an evaluation of the credibility and demeanor of the
witnesses. Guzman v. State, 955 S.W.2d 85, 86 (Tex. Crim. App. 1997). The fact
finder is the sole judge of the witnesses’s credibility and may accept or reject any or
all of a witnesses’s testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on
a question of the application of law to facts, we review the evidence in the light most
favorable to the trial court’s ruling. Guzman, 955 S.W.2d at 89. However, we review
de novo a trial court’s determination of reasonable suspicion and probable cause. Id.
at 87.
          Appellant argues that the State failed to prove that Officer Hill “had probable
cause” to stop his SUV because Hill’s use of radar was the sole basis for the traffic
stop, and the State failed to prove that the radar unit was reliable. Appellant’s
argument actually challenges the lawfulness of Hill’s initial traffic stop rather than
appellant’s arrest for driving while intoxicated. The issue presented is whether Hill
had reasonable suspicion to justify his stop of appellant’s SUV.
          A police officer may lawfully stop and detain a person for a traffic violation as
long as the officer has a reasonable basis for suspecting an offense has been committed. 
Whren v. United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772 (1996). In order for
the stop to be lawful, the officer must articulate specific facts, which, in light of his
experience and personal knowledge, together with inferences from those facts, would
reasonably warrant intrusion on the freedom of the person detained for investigation. 
Terry v. Ohio, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880 (1968); Woods v. State, 956
S.W.2d. 33, 38 (Tex. Crim. App. 1997). 
          Officer Hill testified that “[he] clocked [appellant’s SUV] on radar at 92” miles
per hour. Appellant argues that the State’s only evidence that he was speeding was this
reading on Hill’s radar unit, and that the State failed to prove that the unit was reliable. 
However, Hill testified without objection that he calibrated the radar unit before and
after he used it to detect the speed of appellant’s SUV, and he determined that it was
working correctly. Hill also testified that he did not rely solely on his radar equipment
to determine that appellant was speeding. He saw appellant approaching his position
on the shoulder of Highway 225 at “a high rate of speed,” and he was forced to travel
at speeds between 115 and 120 miles per hour to catch up to appellant’s SUV once it
had passed him. An officer does not need to know the exact speed of a vehicle in order
to reasonably believe that a traffic violation has been committed and stop the vehicle. 
See Dillard v. State, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977). Accordingly, we hold
that Officer Hill’s traffic stop of appellant’s SUV was lawful, and the trial court did not
err in denying appellant’s motion to suppress evidence.
          We overrule appellant’s second point of error.
Hearsay Testimony
          In appellant’s third point of error, he argues that the trial court erred in allowing
Officer Hill to testify that the HGN test was “88 percent effective” and that the HGN
test, the walk-and-turn test, and the one-leg stand test were “validated” tests because
these assertions were not within Hill’s personal knowledge.
          We apply an abuse of discretion standard of review to a trial court’s evidentiary
rulings. Guzman, 955 S.W.2d at 89. A trial court does not abuse its discretion if its
ruling “was at least within the zone of reasonable disagreement.” Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
          In regard to Officer Hill’s testimony that the walk-and-turn test and the one-leg
stand test were “validated” tests, Hill admitted that he was told that these tests were
“validated” during a field sobriety test certification course. Because Hill was testifying
about another person’s out-of-court statements, his testimony was hearsay. See Tex. R.
Evid. 801.
          However, the State qualified Officer Hill as an expert to testify about using field
sobriety tests to determine intoxication. Hill testified that, in his opinion, appellant was
intoxicated on the night in question and was “no longer in control of his mental and
physical faculties.” Hill based his opinion, in part, on appellant’s failing the walk-and-turn test and the one-leg stand test, which had both been “validated,” or tested “on a
controlled group of people,” to ensure accuracy. This testimony was admissible
pursuant to Texas Rule of Evidence 705, which governs the conditions under which the
basis for an expert’s opinion may be revealed to the jury. Rule 705 provides, in
pertinent part, as follows:
(a) Disclosure of Facts or Data. The expert may testify in terms of
opinion or inference and give the expert’s reasons therefor without prior
disclosure of the underlying facts or data, unless the court requires
otherwise. The expert may in any event disclose on direct examination, or
be required to disclose on cross-examination, the underlying facts or data.
 
          . . . .
 
(d) Balancing test; limiting instructions. When the underlying facts or
data would be inadmissible in evidence, the court shall exclude the
underlying facts or data if the danger that they will be used for a purpose
other than as explanation or support for the expert’s opinion outweighs
their value as explanation or support or are unfairly prejudicial. If
otherwise inadmissible facts or data are disclosed before the jury, a
limiting instruction by the court shall be given upon request.
 
Tex. R. Evid. 705(a), (d).
 
          The trial court could have excluded Officer Hill’s hearsay testimony had it
concluded that “the danger that [it] [would] be used for a purpose other than as
explanation or support” “outweigh[ed] [its] value as explanation or support.” But the
trial court chose instead to admit the testimony, and we cannot conclude that the trial
court thereby abused its discretion. The trial court could have reasonably concluded
that it was important for the jury to be told about the basis for Hill’s expert opinion, and
any prejudice to appellant resulting from Hill’s hearsay testimony was minimal. 
Accordingly, we hold that the trial court did not err in admitting Hill’s testimony that
the walk-and-turn test and the one-leg stand test were “validated” tests.
          In regard to Officer Hill’s testimony about the HGN test, appellant failed to object
when Hill testified that it was “88 percent effective” and that it was a “validated” test. 
Having failed to timely object, appellant waived any error with respect to this testimony. 
See Tex. R. App. P. 33.1(a)(1)(A).
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
 
Do not publish. Tex. R. App. P. 47.2(b).